## STATE v. SANTIAGO ANIBAL LOPEZ.

158 N. W. (2d) 502.

April 26, 1968—No. 40,961.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *J. Jerome Kluck,* County Attorney, and *Jack A. Mitchell,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Defendant has been charged with simple robbery,[1] found guilty, and sentenced to a term not to exceed 10 years in prison. He appeals from the conviction. The only issue is whether the evidence is sufficient to justify the verdict.

On December 17, 1966, at about 5 a. m., the attendant of a gasoline filling station at Wentworth and Concord Streets in South St. Paul was robbed of the sum of $107.97. He testified that the robber had a handkerchief over his face, wore a blue parka with a white and gray fur piece on the hood, had on dark gray pin-striped trousers and dark shoes. He held his right hand in his pocket as if to point a gun. Within a minute or two after the robber left the station, the attendant called the police.

[1] Minn. St. 609.24.

At the time of the robbery, a South St. Paul police officer was cruising the area in an unmarked car. As he passed the intersection in question, he saw parked near it an empty automobile with the engine running. His suspicions aroused, the officer turned around and drove back toward the car. As he did so, he noticed a person walking out of the driveway wearing a blue jacket, pin-striped trousers, and dark shoes, and holding a handkerchief over his mouth. When the officer had again turned around, the person he observed was in the parked automobile driving away. The officer followed him, took down his license number, and was about to call for an identification when a report came over his radio that the filling station had just been robbed. The officer then described to the dispatcher the vehicle he was following, and another squad car joined in curbing it. Defendant, who was driving the car, was thereupon arrested and offered no resistance. He was taken back to the filling station where the attendant identified him as the robber. Upon being searched, he had in his possession $102.69 in cash.

Defendant took the stand and testified that he had been paid $135 by his employer the day previous to the robbery, and that some of the money found on his person had been won in a poker game. He acknowledged a prior conviction for armed robbery.

It is defendant's contention on appeal that the state has failed to prove him guilty beyond a reasonable doubt for the following reasons: (1) He had been paid the day before and hence had no motive for the crime; (2) his version of winning in a poker game some of the money found on his person was corroborated by another witness; (3) there was no testimony that he tried to elude the unmarked car or that he resisted arrest when apprehended; (4) the terrain over which he was driving made it likely that the police lost sight of his car; (5) there was $5 difference between what was stolen and what was found on his person; and (6) the attendant did not see his face or notice a bandage on his left hand, testified inconsistently as to whether the robber spoke with an accent, and incorrectly stated that defendant covered his face with his hands when confronted after the robbery, whereas it was undisputed that his arms were then handcuffed behind his back.

In the light of the evidence that moments after the filling station was robbed defendant walked out of the driveway in full view of a cruising police officer and was kept in sight until he was apprehended and returned to the station for identification by the attendant, we have no difficulty in holding that the verdict is amply sustained by the record. The conviction is therefore affirmed.

Affirmed.